Thompson *vs.* The Georgia Railroad and Banking Company.

---

SUSAN J. THOMPSON, plaintiff in error, *vs.* THE GEORGIA RAILROAD AND BANKING COMPANY, defendant in error.

1. A motion for new trial, even when a rule *nisi* is granted thereon, is but pleading; and the rule, until made absolute, is not a judgment ·of the court adjudicating the matters of fact stated in the motion.

2. The granting of a rule *nisi* for a new trial, and entry of the same upon the minutes, even with an order that the rule operate as a *supersedeas*, will not authenticate the matters of fact alleged in the motion. The facts, to be accepted as true in the supreme court, over objection made at the proper time, must, if the new trial has been refused in the court below, be certified as true in the bill of exceptions, or their truth must clearly appear in the record by some other direct statement of the judge.

3. For the bill of exceptions to show truly that a rule *nisi* for a new trial was granted upon a motion which alleged certain grounds for the application, that the new trial was refused, and that such refusal was, upon the same grounds, excepted to and assigned as error, is no sufficient verification of the several matters of fact alleged in the motion as grounds for a new trial.

4. The verdict, in the present case, is supported by the evidence, and is not contrary to law.

Practice in the Supreme Court.   New trial.   Pleadings. Before Judge HOPKINS.   DeKalb Superior Court.   March Term, 1874.

Reported in the opinion.

B. H. HILL & SON, for plaintiff in error.

HILLYER & BROTHER; CANDLER & THOMSON, for defendant.

BLECKLEY, Judge.

There is but a single decision of the court excepted to, and that is the judgment overruling the motion for a new trial. In the bill of exceptions there is a detailed specification of the various grounds contained in the motion; but there is no statement, direct or indirect, that the matters of fact which these grounds involve are true.   The bill of exceptions and the certificate of the judge annexed thereto, (which latter is in the usual form) cannot, therefore, be taken as any verification whatever of these matters of fact.   For the judge to certify that a motion was made by the party, 'upon certain grounds, and that the party excepted, upon the same grounds, to the judgment which the court rendered overruling the motion, is simply to certify to two things, both of which might be perfectly true, wholly irrespective of the truth of anything alleged in the grounds themselves.   To exhaust such a certificate, it is enough that the motion was made on the grounds stated, and that the judgment overruling it was excepted to on the same grounds.   There was, however, granted by the court, over the judge's own signature, a rule *nisi*, calling upon the opposite party to show cause why a new trial should not be granted upon these identical grounds; and the rule contained a direction that it should operate as a *supersedeas* until a final hearing on the motion.   Moreover, the motion, with the rule *nisi* annexed, was filed in the clerk's office, and both of them came up as part of the transcript of the

Thompson *vs.* The Georgia Railroad and Banking Company.

record. It is thus clear that the grounds of the motion have all the authentication possible to give them by granting the rule *nisi* and ordering a *supersedeas*. It appears, also, that the rule was served upon counsel in due time, and there is nothing to show that any suggestion was made to the court below that any of the recitals in the motion were untrue, or that their truth was brought into question in any manner whatever.

Of the eight grounds in the motion, one relates to the exclusion of evidence, and five to charges given and refusals or failures to charge. At the opening of the argument in this court, counsel for the defendant called attention to the state of the record and the bill of exceptions, touching these six grounds, and moved to dismiss the writ of error as to them, or to restrict the investigation and judgment here to the two remaining grounds, one of which is, that the verdict is contrary to the evidence, and to the weight of evidence, and the other, that it is contrary to law. It devolves upon us, therefore, to decide, in the first place, upon this motion, and see how much of the plaintiff's case is properly before us.

In *Snelling vs. Dowell*, 15 *Georgia* Reports, 507, there was no question before the court touching the rule *nisi ;* the sole question was on the brief of evidence. It was objected to the brief that there was no written approval of it by the court, no entry of such approval on the minutes, and no written entry by the clerk of the filing of the brief in his office. The facts were, that the brief was filed with the rule *nisi*, entered on the minutes *in extenso*, immediately following the rule, and the minutes were approved and signed by the presiding judge. On these facts, the judgment of the supreme court was, that it was error to discharge the rule *nisi* on the objections taken to the brief; and it was held, in substance, that the revision and approval of the brief appeared with sufficient certainty. The decision was by two judges only. In writing out the opinion Judge LUMPKIN stated, *arguendo*, that if the facts assumed in the rule *nisi* are not true, it is the duty of the opposing counsel to controvert them at the

time the application is made. We are bound to believe that this was done." But this was mere *obiter ;* there was no decision of the court to that effect, and the case called for no decision on any such question. No point had been made upon the facts assumed in the rule *nisi ;* the points made were upon the brief of evidence, and upon that only. Besides, it is evident that the observation of the learned judge in regard to controverting the facts at the time of the application, could not have been well considered. The application to which he refers must be the application for the rule *nisi.* Surely it is not the duty of opposing counsel to controvert anything then ; that application is, or may be, *ex parte;* opposing counsel need not be present; the office of the rule *nisi* is to call upon opposing counsel and bring them in; it is granted in their absence and orders them up to show cause ; they have nothing to do with the rule *nisi* until after it is granted : 21 *Georgia Reports,* 214.

We cannot recognize this case as any direct authority whatever upon the verification of facts alleged in the rule. It bears on a totally different subject, namely : the revision and approval of the brief of evidence. Nor does it, by analogy, operate as an indirect authority ; for, to revise and sign the minutes of the court, with the brief of evidence fully recorded thereon, does most directly and distinctly affirm the substantial correctness of the brief in every particular ; whereas, all that is affirmed touching a rule *nisi,* by revising and signing the minutes in which it is recorded, is that the rule as there set out, was applied for and granted. Test this proposition by the case of a rule *nisi* against the sheriff, or of a rule *nisi* to foreclose a mortgage. See *Choice vs. The State,* 31 *Georgia Reports,* 462.

The next case in which anything was said about recitals in motions for new trial is *Hatcher vs. The State,* 18 *Georgia Reports,* 460. It does not appear from the report whether a rule *nisi* was granted or not. On page 463, Judge LUMPKIN says : " Whether the motion being overruled, the judge is to be understood as indorsing the truthfulness of all the facts

assumed in the motion for a new trial is somewhat questionable." The probability is that the overruling spoken of was a refusal to make the rule absolute, but be that as it may, the case decides nothing.

In *Bowie vs. The State,* 19 *Georgia Reports,* 1, there was a direct decision that a charge of the court alleged in the motion, but not otherwise verified, where there was a want of certainty that the charge, if given, was hurtful to the party complaining of it, would afford no ground for granting a new trial by the supreme court. The question of verifying the charge being blended with that of its want of materiality, the decision aids but little in the present inquiry. Besides, in the preceding case, the report fails to show whether a rule *nisi* was or was not granted.

*King vs. The State,* 21 *Georgia Reports,* 220, is another case in which the report is silent as to the grant or refusal of a rule *nisi.* The motion for a new trial, as one of the grounds of the application, alleged that the court erred in refusing to allow a certain question to be propounded to the prosecutor. It was ruled that it did not appear to this court that any such question was propounded, and that there was nothing in the record to sustain that ground in the motion.

In *Cameron vs. Ward,* 22 *Georgia Reports,* 168, the rule *nisi* was disallowed by the court, and that fact is assigned as one of the reasons for not accepting the recitals as authentic.

The later case of *Holland vs. Chambers,* in the same volume, page 193, contains a very clear and distinct enunciation of the doctrine that granting the rule *nisi* authenticates everything. Judge McDONALD, in the first paragraph of his opinion, speaks thus: "The court granted the rule *nisi,* and his having granted it is equivalent to a certificate on the part of the presiding judge that what transpired on the trial, so far as it is stated in the rule, is stated correctly." Accordingly, the court, in that case, went forward and passed upon all the matters set out in the rule, treating them as true. It does not appear from the report of the case that any point was made by counsel on the bill of exceptions, and I think it

is to be understood that none was in fact made, for there is nothing in the head-notes to the opinion which refers to this subject. Most probably, therefore, this ruling of the court was without argument.

*McLain & West vs. Densmore & Kyle,* 30 *Georgia Reports,* 724, and *Stone vs. Bancroft & Chamberlain, Ibid.,* 860, are strongly on the line of requiring direct verification in the bill of exceptions; but in neither of these cases does it appear that a rule *nisi* was granted. There is, however, an express and controlling adjudication, upon the very point now before us, in the case of *Olive vs. Herrington,* 33 *Georgia Reports,* 580. There, as here, the rule *nisi* had been granted. Judge LUMPKIN, in delivering the opinion, used the following language: "There was a motion made for a new trial; and many of the grounds are for charges alleged to have been made, for refusals to charge, and because the jury found contrary to the charges given, whereas, it does not appear that any charge was given or refused by the court. True, the fact is assumed in the rule *nisi,* and sundry decisions said to be made by the court are therein recited. But his honor, the presiding judge, refused to make the rule absolute, nor does he anywhere certify to this court that the grounds taken in the rule *nisi* are true; he overruled the motion because there was abundant evidence to sustain the verdict. We do not sit here to discuss and decide abstract questions of law, but to investigate alleged errors committed by the court below, and we must be assured, upon the authority of the court itself, what the errors complained of are before we can be called upon to reverse them. Suppose we were to hold that upon some of the grounds taken in the rule *nisi* there were fatal errors, which required the correction of this court, his honor might well reply, I have not certified to the supreme court that these errors, fatal in their opinion, were committed by me, our mouths would be closed."

We think that since this case of *Olive vs. Herrington* it has not been an open question in this court, that the recitals in the rule *nisi, when the objection has been insisted on here by counsel*

*at the proper time,* have stood in need of further verification, whether the rule *nisi* was granted or not, unless the court below went further and made the rule absolute. See 46 *Georgia Reports,* 159; 47 *Ibid.,* 625; 48 *Ibid.,* 425.

If the case of *Harrison vs. Hatcher,* 44 *Georgia Reports,* 638, be thought an instance to the contrary, it is only necessary to read the case carefully to see that it is not. There appears to have been no objection urged by counsel, at any time, to considering the unverified grounds in the motion for new trial because they were not verified. The difficulty seems to have arisen when the case came to be taken up by the two judges' who presided in it, for decision. They were embarrassed in their efforts to get at the truth, and concluded at last, as there was only a motion, and no rule *nisi,* to treat the judgment overruling the motion as in the nature of a judgment sustaining a demurrer to the motion and assuming as true all the facts stated. If there had been a rule *nisi,* what the court would have done does not appear; nor does it appear what the court would have done if the counsel for defendant in error, instead of arguing the grounds of the motion on their merits, had taken the point, and insisted upon it, that the unverified matters were not properly authenticated, and therefore not here for consideration. If this view of the case is not correct, and the decision in *Harrison vs. Hatcher* is opposed to the cases in 33 *Georgia Reports,* 46 *Ibid.,* 47 *Ibid.,* and 48 *Ibid., supra,* then is that case borne down by the weight of the others as authority.

We put our decision mainly upon authority, holding that on questions of practice, as well as on other questions, we are bound to make an honest, candid search after the law, and simply declare it as we find it. A majority of the court (the chief justice and myself) are, however, well satisfied with the rule upon principle, and would probably, if the question were *res integra,* decide it the same way. A motion for new trial is mere pleading: 17 *Georgia Reports,* 141; the movant can apply for a new trial for any and all reasons that he is disposed to allege; he has as wide a range as he has in his original

Thompson *vs.* The Georgia Railroad and Banking Company.

declaration, and the court has no power to restrict him; he can present his motion *ex parte* and obtain a rule *nisi* in the absence of his adversary and without any notice to him whatever: 21 *Georgia Reports*, 214; and it has been held by this court that the better practice is, if the motion sets forth any ground that is *prima facie* sufficient, to grant the rule *nisi* and let all the grounds stand over for consideration at the final hearing: 10 *Georgia Reports*, 82. It is not the practice for the opposite party to make any written response to the rule, or to the grounds of the motion, so that what he urges by way of objection is not matter of record; and there is no law requiring the court, in refusing a rule absolute, to assign any reason for its action whatever, or to pass any judgment pronouncing the grounds of the motion untrue. The party has a right, in his bill of exceptions, and in that only, to bring the judge to a full and clear showing on the whole truth of his case. If the grounds of his motion were in fact true, and he will so allege in the bill of exceptions, the judge must and will certify to their truth. Until it comes to giving a bill of exceptions the judge may lawfully maintain whatever silence he pleases, but then the party searches him, and the law forces him to speak out.

All that can be inferred from the grant of a *supersedeas* is, that the judge, in one or more of the eight ground stated in the motion, saw something which he deemed sufficiently important to warrant him in delaying the officers of court in the collection of their costs until the further hearing of the rule.

It is said that the rule *nisi* was entered upon the minutes. Doubtless it was, although this fact does not affirmatively appear in the record. Being an act of the court, it should have been recorded on the minutes, but that would not aid it as a means of verifying the recitals. Let it be called a judgment of the court, but what does it adjudge? It certainly does not adjudge absolutely the truth of the matters of fact alleged in the motion, for if it did, the absent party, and even the court itself, would be bound by it. Construed in the light of the course of practice recommended in the case cited

above, from the 10 *Georgia Reports*, the most that it can be said to adjudge is, that some one or more of the grounds of the motion were, *prima facie*, good.

The motion of defendant's counsel to restict the judgment of review in this court to the two grounds alleging the verdict to be contrary to the evidence and the weight of evidence, and contrary to law, must prevail. And in reference to these two grounds we find no error in refusing a new trial. We think the verdict well supported by the evidence, and we know of no principle of law that it violates.

Judgment affirmed.

JACKSON, Judge, concurring.

It is hardly necessary for me to say, after the opinion just delivered by my brother and associate, Judge BLECKLEY, that I acquiesce in the judgment confining this bill of exceptions to the single issue of whether the verdict be against the law and the evidence, with great reluctance. I only concur because the authority of the unanimous opinion of this court in the case of *Olive vs. Herrington*, 33 *Georgia Reports*, 580, binds me. But for that, and what I consider the spirit of subsequent adjudications on the point, I should hold this bill of exceptions good throughout. My mind abhors technicalities, and I do not approve the judgment on principle.