GILBERT M. STOKES, plaintiff in error, *vs.* WILLIAM A. MAX-WELL *et al.*, defendants in error.

The purchaser of land subject to the lien of a mortgage, *who buys after the mortgagor has been sued and served with the rule nisi to foreclose the mortgage,* will be concluded by the judgment of foreclosure, although the mortgagor was not served until after the term to which the rule was returnable, and after the 1st of January, 1870; and such purchaser cannot set up the limitation act of 1869, though the cause of action, entitling the mortgagee to foreclose, arose prior to 1865.

Mortgages. Judgments. *Lis pendens.* Statute of limitations. Before Judge CLARK. Lee Superior Court. March Term, 1877.

Reported in the opinion.

W. A. HAWKINS, for plaintiff in error.

D. A. VASON, for defendants.

JACKSON, Judge.

Maxwell and Vason held a mortgage, dated in 1859, against Gilbert, to indemnify them as securities for Gilbert. By the terms and conditions of the mortgage, they were allowed to foreclose whenever they should be sued upon any of the notes on which they had gone security for Gilbert. In 1869 they obtained a rule *nisi* fo foreclose, which was not served on Gilbert until November, 1870, and the rule was made absolute in March, 1873, and execution issued to' make the money out of the mortgaged property, and was levied thereon.

The land mortgaged was claimed by Stokes, the jury found it subject to the *fi. fa.*, and Stokes excepted to various rulings of the court. Stokes' title rested on a deed made in 1871, after the rule *nisi* was sued out in 1869, and after its service on Gilbert in 1870. The bill of exceptions shows that Gilbert sold to Sutherlin, and Sutherlin to Pace; but when these sales took place is not disclosed, nor anything about the sales, whether by deed or otherwise. It is then added that Stokes held and produced a deed from Pace, dated November, 1871. The dates of the other sales not being given, the presumption is that they too were in 1871, after service, because, if it had been otherwise, the plaintiff in error would have shown it, and because it is said that possession followed Stokes' purchase in 1871, and no possession in the others, Sutherlin and Pace, is mentioned.

The claimant, Stokes, proposed to show that the cause of action arose prior to 1865, and that the rule was not served on Gilbert until November, 1870, and thus that suit was not brought and pressed by service until the bar of the statute of limitations of 1869 had attached. The court rejected the evidence, and ruled that Stokes, admitting all the facts proposed to be proved, including the fact that the cause of action arose before 1865, could not plead the limitation act of 1869; and the controlling question in the case is, whether the act of 1869 could be set up as a bar by Stokes, under

the facts of his title, and the date thereof after service of the rule on Gilbert.

How far a purchaser from the mortgagor is concluded by the judgment of foreclosure has been several times before this court, and what he may set up in defense of his claim, though not set up on the trial of foreclosure by the mortgagor, has been considered. In 54 *Ga.*, 462, Judge McCay reviews the cases, and the court holds that the statute of limitations, though not pleaded by the mortgagor on the trial of the rule to foreclose, could be set up as a bar by a purchaser *prior to the commencement of statutory proceedings to foreclose;* but it is distinctly stated, and the reason and spirit of the argument is altogether against the right to set up the bar of the statute by a purchaser after suit. Judge McCay says, in that case, that "a vendee is never bound but by acts done by his vendor *before* his purchase. He buys subject to all his vendor has done. But, after the title has passed, it would seem contrary, not only to all rule, but to the principles of justice, to make it competent for the vendor, by any act of his, to conclude the purchaser." Again, he says, "What security has the purchaser that the judgment is right? The mortgagor did not have any possible interest in preventing the judgment. He had parted with all interest in the land, and the judgment did not bind him personally."

So, it will be seen, that the case is put upon the purchase before the proceedings began to foreclose ; and the opinion concludes, as the syllabus begins the case, by the statement : " On the whole, we feel bound to decide that the judgment does not conclude the purchaser who has bought before the commencement of proceedings to foreclose "—as much as to say that if he bought *after* the suit commenced, he was concluded.

And this seems to us to accord with good sense and sound reason. Such a purchaser buys knowing that suit is begun, and *quasi* agreeing to abide the judgment. Possibly the price he agrees to give is regulated by the suit—by what is

due on the mortgage, or for what sum it will be foreclosed. Possibly he really bought, in this case, only the equity of redemption. The deed is not copied in the record, nor is the price set out, nor a word said whether or not it was for the full value of the land. Certainly the purchaser bought knowing that there was a law-suit pending, and he bought subject to its result. Any other ruling would make new issues interminable, and judgments would be opened every time a new party was interested to attack it, though he bought while the suit was proceeding.

There were some other irregularities in the rules *nisi* and absolute, but the presumption is, that the court acted on sufficient evidence, and that whatever dissimilarity there may be between the rules absolute and *nisi*, the testimony justified; and, at all events, it seems right that the purchaser, buying while the suit was progressing, should be bound by its result. We, therefore, affirm the judgment, it being the case here that Gilbert was served—not only that the rule *nisi* was had, but Gilbert acknowledged service upon it—long before Stokes purchased.

Judgment affirmed.