## PACE *vs.* MAXWELL & VASON.

1. Where a vendee presented for his protection the title of his vendor, and it was passed upon on the trial of a claim, on a subsequent claim interposed by such vendor against the same execution, he will be concluded.
2. Where claimant's evidence showed that he had sold the property claimed, a verdict against him was proper.

BLECKLEY, Justice, concurred on special grounds.

Claim. Judgment. *Res Adjudicata.* Evidence. Before Judge CRISP. Lee Superior Court. March Term, 1879.

Maxwell & Vason foreclosed a mortgage against Gilbert; the *fi. fa.* was levied, and Stokes claimed. The property was found subject. Afterwards, Pace, who was Stoke's vendor, claimed. On the trial, the plaintiffs offered in evidence the record in the case in which Stokes was claimant; claimant objected, but it was admitted. The jury found the property subject. Claimant moved for a new trial, which was refused, and he excepted.

For the other facts, see the decision.

HAWKINS & HAWKINS, for plaintiff in error, cited 7 *Ga.*, 21; 37 *Ib.*, 10; 31 *Ib.*, 668; 59 *Ib.*, 78; 53 *Ib.*, 657; 57 *Ib.*, 204.

D. A. VASON, for defendants, cited, on the evidence, 59 *Ga.*, 78; 53 *Ib.*, 659; 58 *Ib.*, 305; 52 *Ib.*, 596.

WARNER, Chief Justice.

This was a claim case, on the trial of which the jury found the property subject to the mortgage *fi. fa.* levied thereon. A motion was made for a new trial on the grounds therein stated, which was overruled, and the claimant excepted.

1. The main question involved in this case is, whether the title to the land in controversy had been adjudicated on a former trial in which G. M. Stokes was claimant—see 59 *Ga. Rep.*, 78. The claimant insists that it was not adjudicated in that suit, because the title of Pace, the present claimant, was not put in issue in that suit, but only the title of Stokes, who purchased the land from Pace pending the *rule nisi* to foreclose the mortgage against Gilbert, the mortgagor, and that Pace's title is older than the date of the *rule nisi* to foreclose the mortgage. It appears from the evidence in the record, that the plaintiffs introduced the record of the former suit finding the land subject, a writ of error to this court, and the *remittitur* therefrom to the court below affirming its judgment in the case, and, also, that this very title from Gilbert to Johnson and Sutherland, and from them to Pace (the present claimant), and from Pace to Stokes, for the premises, had been passed upon in that litigation. This is the evidence in the record as approved by the presiding judge, from which it appears that the plaintiffs introduced the title from Pace to Stokes, the former claimant, thus showing that Stokes, the claimant in the former suit, derived his title from Pace, the present claimant, and if Stokes could not protect his title to the land derived from Pace from the plaintiffs' judgment, neither can Pace, the present claimant, inasmuch as he has no better title against the plaintiffs' judgment than he conveyed to Stokes, the claimant in the former suit, and the legal presumption is, that Stokes, the claimant in the former suit, availed himself of all the benefit of Pace's title to him on the trial of that suit, or which he might have derived therefrom.

2. But, be that as it may, when the plaintiffs showed that Pace had conveyed his title to the land to Stokes, as appears from the brief of the evidence in the record, the verdict was right for that reason, if not for any other. There was no error in overruling claimant's motion for a new trial.

Let the judgment of the court below be affirmed.