## SWIFT *et al.* v. DEDERICK.

Where a suit has been brought by a creditor against his debtor, based upon a promissory note secured by a deed to land, in which the plaintiff seeks not only to obtain a general judgment against the debtor, but also to enforce his special lien upon the land arising by virtue of his security-deed, a purchaser from the defendant pending the litigation is affected by the final judgment rendered in the case; and where the final verdict and judgment in the case sets up a special lien upon the property, and thus

sustains the validity of the deed set forth in the petition, such purchaser
can not attack the deed for usury.

Argued October 19, — Decided November 25, 1898.

Levy and claim.   Before Judge Butt.   Muscogee superior
court.   May term, 1898.

C. J. *Thornton* and A. E. *Thornton,* for plaintiffs in error.
*Goetchius & Chappell,* contra.

Cobb, J.   On November 19, 1892, Mrs. Hatcher executed a.
promissory note for $6,500, with coupon notes for the interest
thereon at 8 per cent. per annum, payable to the order of Dede-
rick, and a deed conveying to him certain land as security for the
payment of the notes.  She failed to pay the notes; and Dederick
brought suit against her, alleging that the deed was a first lien
on the land described therein, and praying for a judgment for
the amount due, and for such other judgment and relief as un-
der the law and facts he was entitled to.   The land upon which
plaintiff claimed to have a first lien was properly described in
his petition.   No defense was filed; and on November 16, 1896,
a verdict was rendered against the defendant for the amount
sued for, and a judgment was entered thereon, which provided
that it should be a special lien upon the land described in the
deed.   An execution upon this judgment was levied upon the
land after a reconveyance to the defendant had been filed and
recorded, and a claim was interposed by Mrs. Swift and Mrs.
Strupper.   The claimants derived title through a deed from
Mrs. Hatcher, which was executed and delivered on October 6,
1896, while the suit above referred to was pending against her.
At the trial the claimants contended that the deed from Mrs.
Hatcher to Dederick was void because infected with usury.
There was evidence introduced by them which they claimed
established the truth of their contention.   The judge directed
the jury to return a verdict finding the property subject to the·
execution, and to this ruling the claimants excepted.   The con-
tention of the claimants was, that, the deed from Mrs. Hatcher
to Dederick being void because infected with usury, the title had
never passed out of her until she executed the deed to them,
and that therefore the rights which they acquired by their deed

were superior to those which Dederick acquired under the judg-
ment based upon what they claimed was an absolutely void
deed.   The contention of the plaintiff in execution was, that, con-
ceding that the deed from Mrs. Hatcher to Dederick was infected
with usury and therefore void, the judgment rendered in favor
of Dederick, on the suit filed to collect the debt and enforce a
special lien upon the property described in the pleadings and
in the judgment, having the effect of concluding Mrs. Hatcher
on all questions relating to the validity of the debt or the deed
given to secure it, the claimants, who purchased from her while
the suit was pending, were also concluded on all questions af-
fecting the validity of the conveyance.

The suit by Dederick was for a double purpose: (1) to secure
a general judgment upon his debt; and (2) to secure a judgment
that he had a first lien upon the land described in the deed which
he held, and which was fully described in his petition.   If Mrs.
Hatcher had any defense which would defeat the collection of the
debt or which would defeat the plaintiff in his effort to secure a
first lien upon the land, she was afforded opportunity before judg-
ment to set up these defenses by proper pleadings.   A plea of
usury filed by her and sustained by evidence would not only have
entirely destroyed the security, but would have resulted in reduc-
ing the amount recovered by the plaintiff to the extent of the
usury proved.   Having the opportunity to set up this defense and
having failed to do so, she is undoubtedly concluded by the judg-
ment on all such matters.   "A judgment of a court of competent
jurisdiction is conclusive between the same parties and their
privies as to all matters put in issue, or which under the rules of
law might have been put in issue in the cause wherein the judg-
ment was rendered."   Civil Code, § 3742.   In the case of *Stew-
art* v. *Stisher*, 83 *Ga.* 297, Chief Justice Bleckley says: "The
note on which the judgment was founded, from which the fi.
fa. issued, contained a waiver of homestead and exemption.
This waiver is now resisted on the ground that the debt was
usurious, and the court admitted evidence to show that such
was the fact; but we think that the question is closed by the
judgment.   No usury appears upon the face of the note or the
record."   In *Hightower* v. *Beall*, 66 *Ga.* 102, it was held, that

where a deed was made to secure a debt, which was afterwards sued on and judgment confessed, a deed back to the debtor made, and the fi. fa. levied on the land, the defendant could not set up that the deed was void by reason of usury in the debt, the record showing no indication thereof. See also *Owen* v. *Gibson,* 74 *Ga.* 465. Do the claimants, who bought pending the proceeding which resulted in a judgment declaring, in effect, that the deed made by Mrs. Hatcher to Dederick was a valid conveyance, stand in any better position than Mrs. Hatcher, their predecessor in title, in reference to this matter? "Decrees ordinarily bind only parties and their privies; but a pending-suit is a general notice of an equity or claim to all the world from the time the petition is filed and docketed; and if the same is duly prosecuted and is not collusive, one who purchases pending the suit is affected by the decree rendered therein." Civil Code, § 3936.

The rule has been also stated in this way: "One who is neither a party or privy or purchases pendente lite is not bound, but he who purchases or goes into possession during the pendency of the suit is bound by the decree that is made against the person from whom he derives title. The law is that he who intermeddles with property in litigation does it at his peril, and is as conclusively bound by the results of the litigation, whatever they may be, as if he had been a party to it from the outset." 1 Herman on Estoppel and Res Judicata, § 186. The author just quoted, in discussing the same question, also uses this language: "As all people are supposed to be attentive to what passes in a court of justice, and it is to prevent a greater mischief that would arise by people's purchasing a right under litigation and then in contest, that this principle has been established. A purchase of a right which is undergoing a judicial investigation is a fraud upon the plaintiff, and is so far considered a nullity that it can not avail against his title." § 187 (a). See also 13 Am. & Eng. Enc. L. 893; *Edwards* v. *Banksmith,* 35 *Ga.* 213; *Carmichael* v. *Foster,* 69 *Ga.* 372; *Weems* v. *Harrold,* 75 *Ga.* 866. That the doctrine of lis pendens applies in any case where the suit is brought for the specific recovery of real property is well settled, and if the suit in the present case

had been one in ejectment to recover the property to which the claimants acquired title pending the suit, there would be no question that a judgment in ejectment would bind the purchasers pendente lite. But does the same principle apply where the purpose of the suit is not to recover the specific property or to assert title to an interest therein, but where the whole purpose of the suit is to enforce only a lien upon it? In the case of *Stokes* v. *Maxwell*, 59 *Ga.* 78, it was held that purchasers of land subject to the lien of a mortgage, who buy after the mortgagor has been sued and served with the rule nisi to foreclose the mortgage, will be concluded by the judgment of foreclosure; and in the opinion Judge Jackson distinguishes that case from *Williams* v. *Terrell*, 55 *Ga.* 463, in that in the latter case the purchasers acquired title before the foreclosure proceedings were instituted. In the case of *Wilson* v. *Wright*, 72 *Ga.* 848, the doctrine of lis pendens was applied in a case where the purchaser acquired title from the defendant in a pending suit which had been brought for the purpose of enforcing an attorney's lien upon the property, and the property in the hands of such purchaser was held to be subject to the lien, which was finally established by the judgment in the case.

Even if the decisions cited are not conclusive upon the question, that this doctrine is applicable to suits brought simply for the purpose of enforcing a lien, the reason of the rule makes the doctrine applicable. If one against whom another has a right to assert a lien being sued can, by transferring the property pending such a suit, require his creditor to litigate again with the vendee, it will be at once seen that the question can never be settled. The doctrine of lis pendens, properly understood and applied, will prevent a stranger from dealing with any of the parties to a pending proceeding in which a title to, or an interest in, or a lien upon, designated and described real property, is sought to be enforced, after the proceeding is filed, and before the final decree, so as to acquire any interest in the premises involved, capable of withstanding the force of the decree or frustrating its full legal effect. *Faulkner* v. *Vickers*, 94 *Ga.* 531. In the case of *Ryan* v. *Am. Freehold Land Mortgage Co.*, 96 *Ga.* 322, the plaintiff, who had acquired title from a debtor

who had before the conveyance executed a security-deed to the same property, was allowed to attack the security-deed on the ground that it was infected with usury, notwithstanding the fact that a judgment on the note had been rendered against the debtor. It appears from the facts of the case that the plaintiff purchased before any proceeding was filed to obtain judgment on the debt or to set up a special lien upon the land. If Mrs. Ryan had acquired her title pending the proceeding which resulted in a judgment against the debtor, she would have been precluded from attacking the deed. The deed given by Mrs. Hatcher to Dederick may or may not have been infected with usury. If it was, the judgment against her concludes her from now raising the question, and the claimants, who purchased from her pendente lite, are likewise concluded. There was no error in directing the jury to return a verdict finding the property subject to the execution.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*