## BENNETT v. STOKEY.

ATKINSON, J. 1. "Decrees ordinarily bind only parties and their privies; but a pending suit is a general notice of an equity or claim to all the world, from the time the petition is filed and docketed; and if the same is duly prosecuted and is not collusive, one who purchases pending the suit is affected by the decree rendered therein." Civil Code (1910), § 4533.

2. "He who intermeddles with property in litigation does it at his peril, and is as conclusively bound by the results of the litigation, whatever they may be, as if he had been a party to it from the outset." 1 Herman on Estoppel and Res Judicata, § 186; *Swift* v. *Dederick*, 106 *Ga.* 35, 38 (31 S. E. 788); *Collins* v. *Cowart*, 157 *Ga.* 33 (121 S. E. 321).

3. The plaintiff in the instant case bought the property in controversy pending litigation between the defendant and the person from whom the plaintiff bought it, in which litigation the deed of plaintiff's vendor was canceled. The land in controversy was subsequently levied upon by the sheriff under a fi. fa. obtained in favor of the defendant in error against the husband of the plaintiff's vendor. Applying the principles ruled in the foregoing authorities, the court did not err in sustaining the demurrer and in dismissing the petition.

*Judgment affirmed. All the Justices concur.*

No. 5631. SEPTEMBER 8, 1927.

Equitable petition. Before Judge E. D. Thomas. Fulton superior court. August 26, 1926.

Mrs. Excie Bennett brought an equitable petition against W. P. Stokey, alleging in substance the following: On September 10, 1924, Milton Wise executed to his wife, Mary Grace Wise, a warranty deed to certain described property; said deed was filed for record in the clerk's office of Fulton superior court, on November 7, 1924. On December 3, 1924, Stokey brought a petition in Fulton superior court, seeking to cancel the deed from Milton Wise

---

Judgments, 34 C. J. p. 1014, n. 36.

Lis Pendens, 38 C. J. p. 4, n. 10; p. 5, n. 11; p. 22, n. 77; p. 29, n. 83; p. 55, n. 2; p. 56, n. 12.

Vendor and Purchaser, 39 Cyc. p. 1710, n. 57.

to Mary Grace Wise. Upon interlocutory hearing the court made the following order: "Upon the hearing of this case for interlocutory injunction, it is ordered and adjudged that the injunction prayed for is denied and the restraining order heretofore granted is dissolved. It is ordered, that, it appearing that the defendant, Mary Grace Wise, has assumed all the legal obligations of her husband in regard to the property in question in so far as any claim may be or shall be hereinafter found to be a lien, that notice of lis pendens shall not apply to any of said property so as to interfere with defendant's right to secure loans on said property or any of it, or to carry on the matter of improving it for sale." On February 13, 1925, petitioner purchased from Mary Grace Wise a certain lot of land, being a part of the property included in the suit above referred to, for the sum of $500, the same being a vacant lot described in the petition. Petitioner recorded her deed on February 17, 1925, and she took possession of the lot and built thereon a dwelling, and the property so improved is worth $3,000. On January 29, 1926, on the trial of the case of Stokey v. Milton Wise and Mary Grace Wise, a verdict was rendered by a jury canceling and setting aside the deed made from Milton Wise to his wife, Mary Grace Wise, and a decree of court was made, canceling said deed. In a suit in the city court of Atlanta by Stokey v. Milton Wise and A. E. Bennett, a verdict and judgment were rendered on March 10, 1926, against Wise and Bennett for $2,000 principal, $280 interest, $228 attorney's fees, and cost of court, upon certain promissory notes executed by A. E. Bennett to Milton Wise and transferred by Wise to W. P. Stokey. All of the property described in the deed from Milton Wise to Mary Grace Wise, including the property purchased by petitioner from Mary Grace Wise, was levied on under and by virtue of the fi. fa. issued from the city court of Atlanta, based upon the verdict and judgment hereinbefore set out, and was offered for sale by the sheriff of Fulton County on the first Tuesday in June, 1926, at which sale the entire property, including the lot owned by petitioner, was bid in by the defendant Stokey for the sum of $600. Petitioner was not apprised or put on notice of the pretended levy and sale, and had no notice of the same, and had no actual notice of the pendency of the suit of W. P. Stokey against Mary Grace Wise to cancel the deed from Milton Wise;

she purchased the property from Mary Grace Wise in good faith, and is a bona fide purchaser and holder of the property, and has made valuable improvements thereon. Stokey is attempting to evict petitioner from the premises without warrant or authority of law. She is without remedy at law, and if evicted she will suffer irreparable loss; and Stokey should be restrained and enjoined from interfering with her possession and title to the property. She prayed for injunction, and that she be protected for the amount spent in improvements upon the property in controversy; and for general relief. The defendant filed a demurrer on the grounds that the petition set out no cause of action against him; and that the plaintiff had a perfect legal remedy to proceed by claim, if she had any title to the property involved. The demurrer was sustained, and the plaintiff excepted.

*John F. Echols,* for plaintiff.

*Aldine Chambers* and *Hewilt W. Chambers,* for defendant.