ATLANTA NATIONAL BANK *v.* BROWN *et al.*

No. 8194. AUGUST 15, 1931.

Justices Atkinson, Hill, and Gilbert being disqualified, Judges Eve, Gardner, and Moseley were designated for this case.

*O. A. Nix, I. L. Oakes,* and *Frank C. Tindall,* for plaintiff.

*John C. Houston, W. L. Nix, N. L. Hutchins,* and *John I. Kelley,* for defendants.

MOSELEY, J.   The following is a substantial statement of the facts of this case:  The Atlanta National Bank brought suit against W. L. Brown, on a promissory note given by him to the Bank of Lawrenceville, and transferred by the Bank of Lawrenceville to the plaintiff.  This note, as stated on its face, was a renewal of a

former note given by the same maker to the Bank of Lawrence-ville. W. L. Brown, at the time of making and delivering the original note, executed and delivered to the Bank of Lawrenceville a deed to certain described property to secure the payment of that note. This security deed was not transferred by the Bank of Lawrenceville to the plaintiff by writing, but was attached to the renewal note, which was so transferred, and which contained the following statement: "And to secure the prompt payment of this note, or any other indebtedness due or to become due the Bank of Lawrenceville, or the holder of this note, being possessed of the legal right and title to make deposit, hereby pledge the following collateral and property, which I affirm to be unincumbered. Deed attached. This note is a renewal of indebtedness for which the attached deed was originally given to secure." The description of the land as set out in the security deed attached to the note transferred is set out in the suit of *Atlanta National Bank* v. *W. L. Brown,* with a prayer for general judgment, and for a special lien on the land so described. This suit was filed in the clerk's office of the superior court of Gwinnett County on August 14, 1923; and process was issued and served on the defendant on August 18, 1923. The deed referred to in said suit was dated August 26, 1919, and was recorded on January 4, 1921. To this suit W. L. Brown filed defenses. He admitted the signing of the note and deed, but denied any liability thereon, for reasons stated in his plea. He pleaded set-off, denying the allegation that the plaintiff was the holder of said note before due, and alleging that he was entitled to all the defenses against plaintiff that he was entitled to against the Bank of Lawrenceville. He denied that the plaintiff had any lien on the property described.

The plaintiff filed an amendment, which was allowed, alleging that said note was transferred to it before maturity, and that it was the legal holder thereof; and that, while there was no written transfer of the security deed, the transfer of the note which the deed was given to secure carried to plaintiff the benefit of the security, and that it had an equitable interest in the property on which it asked again for a special lien. An intervention by W. H. Hutchins was allowed and filed on March 3, 1930. He alleged that W. L. Brown was indebted to him a certain sum on a promissory note, and had given to him a security deed to the same prop-

erty already referred to, which note and deed were dated December 10, 1923; that this security deed was duly recorded, and intervenor claimed that this deed was a lien superior to that of the plaintiff, for the reason that he had no notice of the deed held by plaintiff at the time of the taking and recording of his deed, as the deed held by plaintiff was not properly witnessed for record, it being witnessed by two stockholders in the Bank of Lawrenceville, and that the probate was not sufficient to admit the deed to record, and therefore it was not notice to him, and that he had no notice of the pending suit of plaintiff. He prayed that he have judgment on his note, and that it be a special lien on said property superior to that of plaintiff.

On March 3, 1930, the plaintiff filed its equitable petition ancillary to its original suit, setting out the facts that W. L. Brown had given his note to W. H. Hutchins, with deed to the same property held as security by plaintiff, on December 10, 1923, after the suit of plaintiff was filed and served, for the sum of $1790; and that on the same date he gave to his wife, Mrs. Eva Brown, his note for $720, with a security deed to the same property; that W. L. Brown (who was insolvent) had allowed the state, county, and city taxes to accumulate, and tax fi. fas. to be issued against the property, which he and his wife claimed to have been paid off by and transferred to her, she claiming also that they were a lien superior to all other liens. Plaintiff further alleged that the property would not bring the amount of the debt; and that defendant and his wife were living on the property, collecting the rents, prolonging the litigation, and allowing these taxes to accumulate and be paid off by the wife, in order to collect the same if not successful in this litigation. It was prayed that Mrs. Eva Brown be made a party, and that she set up her claims, if any, in this suit; and that a receiver be appointed to take charge of said property. Also, that plaintiff's judgment and lien be declared superior to the claims of Hutchins or Mrs. Brown. Mrs. Brown was made a party. She filed her plea setting up her claims on the tax fi. fas. held by her, averring that she purchased them from the proceeds of her own separate estate. She prayed that they be declared the first lien on said property, that she have judgment on her note against her husband, and that the same be a special lien on the property with equal dignity and rank with Hutchins, and superior to the claim of the plaintiff.

By agreement the case was submitted to the trial judge, without the intervention of a jury. After a hearing, the court rendered the following decree:

(1) That the fi. fas. for State and county and city taxes held by Mrs. Eva Brown, aggregating $551.11, besides interest and cost, be declared superior to all other liens held by the parties, and be first paid from the proceeds of the sale of the property.

(2) That the Atlanta National Bank recover of W. L. Brown $2240 principal, with $1568 as interest to date of judgment, and with future interest at 8 per cent., $380 attorney fees, and costs of suit.

(3) That W. H. Hutchins recover of W. L. Brown $1790 principal, $960.58 interest to date of judgment, and future interest at 8 per cent.

(4) That Mrs. Eva Brown recover of W. L. Brown $720 principal, $386.40 interest to date of judgment, and future interest at 8 per cent., on the note held by her.

(5) That on sale of the property all costs and receiver's fees be paid first out of the proceeds.

(6) That special liens be established against the property, and priorities of said special liens were fixed as follows: 1st. The liens for taxes in favor of Mrs. Eva Brown. 2d. The judgments in favor of W. H. Hutchins and in favor of Mrs. Eva Brown against W. L. Brown being of equal rank, to be paid pro rata next after the payment of taxes. 3d. The judgment in favor of Atlanta National Bank against W. L. Brown. The Atlanta National Bank filed a motion for new trial, the grounds of which will hereinafter appear. The court overruled the motion, and the plaintiff excepted.

■ Did the court commit error in holding that the tax fi. fas. transferred to and held by Mrs. Eva Brown were liens superior to all others, to be first paid out of the proceeds of the property? "Taxes shall be paid before any other debt, lien, or claim whatsoever, and the property returned or held at the time of giving in, or after, is always subject." Code (1910), § 1140. "Whenever any person, other than the person against whom the same has issued, shall pay any execution issued for state, county, or municipal taxes, or any other execution issued without the judgment of a court, under any law, the officer whose duty it is to enforce said execution shall, upon the request of the party paying the same,

transfer said execution to said party; and said transferee shall have the same rights as to enforcing said execution and priority of payment as might have been exercised or claimed before said transfer." § 1145. The undisputed evidence in the record is that Mrs. Eva Brown had a separate estate, and that she purchased these tax fi. fas. with some of the proceeds of her separate estate, and that these fi. fas. were properly transferred to her and properly recorded, and were held by her as unpaid; and they being a first lien on the property of W. L. Brown which was in controversy, the court did not commit error in so holding, and in directing that they be paid first.

■ Did the court commit error in decreeing that the judgments in favor of W. H. Hutchins against W. L. Brown, and Mrs. Eva Brown against W. L. Brown be next paid, after the tax fi. fas. held by Mrs. Eva Brown, out of the proceeds of the property in controversy, thereby holding that these judgments were superior in rank and lien to that of plaintiff? The plaintiff excepts to this ruling, for the following reasons: That the security deed held by it was properly probated, and duly recorded on January 4, 1921, and it was thereby notice to all persons who took a conveyance of the property described therein, after such record, as to its lien thereon; that plaintiff had filed its suit in the superior court of Gwinnett County against W. L. Brown on August 14, 1923, and process was duly issued and copy served on W. L. Brown on August 18, 1923, in which suit a description of the land in controversy was set out as given in the security deed, and this suit was pending at the time the transfers of said property by security deed were made from W. L. Brown to W. H. Hutchins and Mrs. Eva Brown, to secure the debts to them; that hence this pending suit was notice to all parties and privies of the interest claimed by the plaintiff, the security deeds to defendants being dated December 10, 1923, after said suit was filed and served, and therefore the doctrine of lis pendens intervened, and was notice to all the world, as well as to defendants, as to its lien thereon. To this contention defendants in error reply that no error was committed by the court in so rendering its judgment, for the reason that the deed held by plaintiff, made by W. L. Brown to Bank of Lawrenceville, was not properly probated so as to admit it to record, for the reason that the witnesses thereto were stockholders in the Bank of Lawrenceville,

and therefore could not legally witness said deed, and that the affidavit made by one of these witnesses to the deed was not a good and sufficient probate to entitle the security deed to be admitted to record, and therefore this record was not notice to any one; also, that the suit filed by plaintiff in error against W. L. Brown was not lis pendens, for the reason that the deed was improperly recorded, and a suit based thereon and pending was not notice, and the doctrine of lis pendens did not apply to them or any one else. This seems to be the issue on this assignment of error.

Regardless of whether or not the deed held by plaintiff was sufficiently probated and witnessed to entitle it to record so as to give notice thereof, the suit filed by plaintiff against W. L. Brown, in which the property set out in the security deed held by it was described in said suit, with a prayer for a general judgment on its claim against defendant, and a prayer for the judgment to be a special lien on said property, and process issuing and copy of said suit being duly served on the defendant, which suit was pending at the time of the taking and acceptance of the security deeds by W. H. Hutchins and Mrs. Eva Brown, was lis pendens, and was therefore notice to them and all others who might take transfers of said property, or liens thereon, of plaintiff's interest and claim therein, and they took subject to the final decree that might be rendered in said case. "Decrees ordinarily bind only parties and their privies; but a pending suit is a general notice of an equity or claim to all the world from the time the petition is filed and docketed; and if the same is duly prosecuted and is not collusive, one who purchases pending the suit is affected by the decree rendered therein." Code (1910), § 4533.

In *Swift* v. *Dederick,* 106 *Ga.* 38 (31 S. E. 788), this court said: "Decrees ordinarily bind only parties and their privies, but a pending suit is a general notice of the equity or claim to all the world from the time the petition is filed and docketed; and if the same is duly prosecuted and is not collusive, one who purchases pending the suit is affected by the decree rendered therein." It was further said: "One who is neither a party nor a privy or purchases pendente lite is not bound, but he who purchases or goes into possession during the pendency of the suit is bound by the decree that is made against the person from whom he derives title. The law is that he who intermeddles with property in litigation does it at

his peril, and is as conclusively bound by the results of the litigation, whatever they may be, as if he had been a party to it from the outset. . . The doctrine of lis pendens properly understood and applied will prevent a stranger from dealing with any of the parties to a pending proceeding in which a title to, or an interest in, or a lien upon designated and described real property, is sought to be enforced after the proceeding is filed, and before the final decree, so as to acquire any interest in the premises involved, capable of withstanding the force of the decree or frustrating its full legal effect." See also *Coleman* v. *Law,* 170 *Ga.* 906 (154 S. E. 445).

Therefore the judge erred in holding that the judgments in favor of W. H. Hutchins and Mrs. Eva Brown against W. L. Brown should be paid out of the proceeds of the sale of the property involved, second to the tax fi. fas. in favor of Mrs. Eva Brown, and were liens prior to that of the Atlanta National Bank. He should have held and decreed that the judgment of the Atlanta National Bank against W. L. Brown be paid second to that of the tax fi. fas. held by Mrs. Eva Brown, and that the judgment of the Atlanta National Bank was a lien superior to the judgments of W. H. Hutchins and Mrs. Eva Brown against W. L. Brown, and that the judgments of W. H. Hutchins and Mrs. Eva Brown be paid third, and next after that of the Atlanta National Bank. So that part of the decree that the lien of W. H. Hutchins and Mrs. Eva Brown against W. L. Brown was a lien superior to that of the Atlanta National Bank against W. L. Brown is hereby reversed, and the court below is directed to modify its judgment and decree in accordance with this ruling.

*Judgment affirmed in part and reversed in part. Russell, C. J., Beck, P. J., Hines, J., and Moseley, Eve, and Gardner, JJ., concur.*