INGRAM & LEGRAND LUMBER CO. v. BURGIN LUMBER CO. *et al.*

ATKINSON, Presiding Justice. 1. "Decrees ordinarily bind only parties and their privies; but a pending suit shall be a general notice of an equity or claim to all the world from the time the petition shall be filed and docketed; and if the same shall be duly prosecuted and shall not be collusive, one who purchases pending the suit shall be affected by the decree rendered therein." Code, § 37-117.

2. If a lessee for sawmill purposes of growing trees sells the same on a valuable consideration, and afterwards colludes with a third person, who at the time of the sale has a suit pending against such lessee to establish and enforce an outstanding equitable interest in the trees, and so colluding accepts a valuable consideration from the third person, and. on the basis thereof allows a consent verdict and decree for the plaintiff without trial of the issues in the case, such verdict and decree will be subject to collateral attack by the vendee as void on the ground of fraud, and will not be protected on the principle of lis pendens. In such a situation such third person should be treated as a subsequent purchaser, and not as one whose original claim became adjudicated in his favor. The statement, "it appears to us that, whatever may be the rights of the plaintiff in and to the property in question, a decree in the present case establishing its right thereto would prevail over the rights of any person who may purchase the same from the defendant," in *Ingram & LeGrand Lumber Co.* v. *McAllister,* 188 *Ga.* 626, 631 (4 S. E. 2d, 558), contemplated a valid judgment, not one that as against a

future purchaser would be void for fraud. This distinction applies also to the rulings in *Bennett* v. *Stokey*, 164 *Ga.* 694 (139 S. E. 346) ; *Coleman* v. *Law*, 170 *Ga.* 906 (7) (154 S. E. 445).

3. The judge did not err in overruling the demurrer to the answer as twice amended.

4. The evidence, though conflicting in part and without conflict in other parts, was sufficient to support the verdict for the defendant, and there was no abuse of discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 13906. JANUARY 13, 1942. REHEARING DENIED FEBRUARY 13, 1942.

*R. S. Wimberly,* for plaintiff.

*Foley & Chappell, J. Frank Terry,* and *Albert W. Stubbs,* for defendants.