## 56576. BLAKELY & SON, LTD. v. HUMPHREYS.

BIRDSONG, Judge.

Summary judgment. This case involves the right to possession and title to a Rolls Royce Silver Cloud automobile. The chain of ownership is most convoluted. The facts show that the Silver Cloud was purchased by Thomas Humphreys, Jr. in England in 1973. The Citizens & Southern Bank made loans to Thomas Humphreys in August and October, 1973, accepting the Silver Cloud as security. The notes came into default in May, 1974. Negotiations were undertaken between C&S and Thomas Humphreys in May and June, 1974. On July 17, 1974, Thomas Humphreys transferred ownership of the Silver Cloud to his wife, Judith Humphreys, appellee herein. Ownership was transferred by virtue of a simple bill of sale. No Georgia title was ever obtained by Thomas Humphreys. Judith Humphreys because of apparent marital difficulties, left her marital domicile and removed the car to Alabama and obtained an Alabama registration and tag for the car in January, 1975. Thomas and Judith Humphreys attempted a reconciliation in the spring of 1975, and Judith Humphreys returned the car to Atlanta to the Humphreys' marital home.

On October 9, 1974, Thomas Humphreys signed a consent judgment in favor of C&S Bank. This consent judgment was reduced to a court judgment on January 31, 1975. On October 4, 1975, C&S obtained a Georgia certificate of title to the Silver Cloud based upon its security interest. This was the first Georgia title issued on the vehicle. On February 11, 1976, C&S levied on the Silver Cloud allegedly as property of Thomas Humphreys and caused the car to be sold at a sheriff's sale to one Roberts. Roberts obtained a Georgia certificate of title to the Silver Cloud on March 1, 1976. Roberts then sold the car, through the auspices of a dealer, to Presley on April 5, 1976. Presley obtained a certificate of title to the car on July 21, 1976.

In early 1976 Judith Humphreys, who again had separated from her husband and ultimately divorced him, ascertained that the Silver Cloud had been seized by C&S and ostensibly sold as property of her estranged husband

in partial satisfaction of his indebtedness to C&S. Claiming right to ownership and possession to be in herself, Judith Humphreys determined that as of April 5, 1976, the car was in the possession of Presley. In late April or early May, 1976, Judith Humphreys brought a trover action against Presley seeking the return of her automobile. Notwithstanding the pendency of this litigation, Presley sold the Silver Cloud in July, to Blakely & Son, Ltd., a dealer in classic and vintage automobiles. As a dealer, Blakely did not obtain title in its own name but held the title transferred from Presley to Blakely as was usual custom by a dealer until ultimate sale to a new purchaser. In the fall of 1976, Presley approached Blakely seeking a copy of the title transferred to Blakely for purposes of defense of a lawsuit. When Blakely became aware of the dispute as to ownership and right to title, Blakely attempted to obtain title in its own name. However, on October 5, 1976, Judith Humphreys had obtained judgment against Presley in the State Court of Polk County which judgment directed in pertinent part that Presley surrender possession of the Silver Cloud to Judith Humphreys together with the necessary paperwork to allow her to obtain a lien-free title. Based upon and supported by this judgment, Judith Humphreys obtained a Georgia certificate of title to the Silver Cloud on October 6, 1976. Thus when Blakely subsequently sought to obtain title in its own name, based upon Presley's transferred title, the Central Processing Division of the Department of Revenue placed an administrative stop upon the vehicle until the dispute could be settled by the Superior Court of Fulton County. The effect of this action was that no title was ever issued to Blakely.

As a result of this impasse, Blakely sought a declaratory judgment to determine who had valid title and right to possession to the Silver Cloud. After extensive discovery by way of deposition, interrogatories, admissions and affidavits, both parties moved for summary judgment. In its order, granting summary judgment to Judith Humphreys, the trial court noted that the parties were in agreement that the "matter is ripe for a final adjudication on the evidence that is presently

before the court, and the only issue to be determined is a question of law. That issue, . . . is whether the title right held by the Plaintiff, Blakely & Son, Ltd., which it received by conveyance on July 27, 1976, from Walter Presley, is superior to the title held by the Defendant, Judith Benton Humphreys, which she received pursuant to a Polk County Court Order dated October 5, 1976." The trial court, finding as a matter of law that Humphreys' title was superior to that held by Blakely, granted summary judgment to Humphreys. Blakely brings this appeal, enumerating three errors. *Held:*

1. In its first two enumerations of error, Blakely complains that the trial court erred in failing to invoke equity and set aside the judgment of the State Court of Polk County on grounds of fraud, and in failing to find that Blakely was a bona fide purchaser for value without notice and thus not bound by the judgment of the State Court of Polk County. In an earlier order of the trial court initially denying the first motion for summary judgment filed by Judith Humphreys, the trial court noted that the validity of the Polk County court order was not before the court and was not a proper matter for the trial court to pass on, but limited the issue to one of law as above indicated in this opinion. No appeal was taken to this order by either party. In its own motion for summary judgment, Blakely acknowledged that the only issue was one of law involving the superiority of title. Thus, the order granting summary judgment from which this appeal has been taken, was limited to that one issue. The trial court expressly declined to rule upon the validity of the Polk County court order with the apparent consent of the parties litigant. Thus, there was no ruling upon the equitable nature of Blakely's complaint or whether Blakely was a bona fide purchaser for value without notice. Where there is no final ruling upon an issue by the trial court, there is nothing for the appellate court to pass upon (*Nugent v. Willis,* 118 Ga. App. 335, 336 (163 SE2d 891)), for this court is a court for the correction of errors made in the trial court. *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 244). Moreover, one cannot complain of a judgment that by his own agreement he has aided in causing. *Rush v. Southern Property Mgt.,* 121 Ga. App.

360, 361 (173 SE2d 744). Thus, we will determine only whether the order as actually signed and entered and as limited by the trial court with the consent of the parties is error. *Ga. Ports Authority v. Norair Engineering Corp.,* 131 Ga. App. 618, 619 (206 SE2d 563). The issues raised in Enumerations 1 and 2 not being encompassed within the final order from which the appeal has been taken, appellant Blakely may not now raise these matters, either in enumerations of error or through arguments in briefs of counsel. *Airport Assoc. v. Audioptic Instructional Devices,* 125 Ga. App. 325 (2) (187 SE2d 567); *Jenkins v. Bd. of Zoning Appeals,* 122 Ga. App. 412 (2) (177 SE2d 204). Accordingly, enumerations of error 1 and 2, not being properly before this court, will not now be considered. *Johnson v. Heifler,* 141 Ga. App. 460, 461 (233 SE2d 853).

2. In its third enumeration of error, Blakely urges that the trial court erred in granting summary judgment to Humphreys and in denying Blakely's motion for summary judgment. It is uncontested that Presley purchased the Silver Cloud on April 5, 1976. He in turn obtained title in his name on July 21, 1976. Suit was filed by Judith Humphreys to recover the auto together with good title from Presley on or about May 1, 1976. During the pendency of that suit, Presley transferred the car to Blakely on July 27, 1976. Though Blakely purchased the car for value and obtained possession thereof, it had not placed the title to the car in its own name prior to October 6, 1976, when Judith Humphreys obtained title in her name. Humphreys' title was obtained by virtue of a judgment of the Polk County State Court which adjudicated the rights as between Presley and Judith Humphreys and concluded that the right to ownership and title rested in Judith Humphreys. Apparently that determination has become final.

Ga. L. 1961, pp. 68, 78 (Code Ann. § 68-418a (d)) provides that, except with respect to dealers, a transfer by an owner is not effective until the provisions of this section and § 68-416a have been complied with and no purchaser or transferee shall acquire any right, title, or interest in and to a vehicle purchased by him unless and until he shall obtain from the transferor the certificate of

title thereto, duly transferred in accordance with the provisions of this section. Subsection (b) requires the transferee, promptly after acceptance of the vehicle and certificate of title, to execute the application for a new certificate of title and cause the certificate and application to be transmitted to the commissioner with the application for registration for the vehicle. Although § 68-416a allows a dealer to retain the transferred title without surrender until the vehicle is sold to a new purchaser, this provision did not aid Blakely in the dispute as to priority of titles. Inasmuch as Blakely did not or could not obtain title in its own name, the priorities of title lie between the one obtained by Judith Humphreys on October 6, 1976, and Blakely's predecessor, Presley, who obtained his title on April 21, 1976, but transferred that title to Blakely on April 27, 1976, after suit was filed against Presley contesting the validity of Presley's ownership of the vehicle.

In these circumstances, we believe that the requirements of notice such as manifested in the doctrine of lis pendens, is equally applicable to Blakely's claim that it was a bona fide purchaser for value. That rule can be stated to be, that one who is neither a party or privy or purchases pendente lite is not bound, but he who purchases during the pendency of a suit involving the purchased property is bound by the decree that is made against the person from whom he derives title. The law is that one seeking to obtain property which is involved in litigation does so at his own peril, and is, as to such property, conclusively bound by the results of the litigation. *Swift v. Dederick,* 106 Ga. 35, 38 (31 SE 788). See also *Atlanta Nat. Bank v. Brown,* 173 Ga. 213, 218 (159 SE 874); *Bennett v. Stokey,* 164 Ga. 694 (139 SE 346); *Rucker v. Womack,* 55 Ga. 399, 401.

In this case, there has been a judicial determination that as between Humphreys and Presley, Humphreys is the true owner and entitled to title to the Silver Cloud. Humphreys thus has a superior title to any that Presley might have obtained. Blakely took Presley's title during the pendency of the litigation to determine right to possession and title. Blakely therefore is bound by that judicial determination. Blakely's title being no better

than Presley's, it follows that Humphreys' title is superior to any that might be possessed by Blakely. There being no questions of fact presented to the trial court upon this sole issue of law, the trial court did not err in granting summary judgment to Humphreys or in denying summary judgment to Blakely. *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 20, 1978 — DECIDED OCTOBER 30, 1978 — REHEARING DENIED DECEMBER 1, 1978 — 

*Allen & Ogden, Tom M. Allen, John J. Dalton,* for appellant.
*Stanley C. Coker,* for appellee.