## A89A0919. BETTS v. THE STATE.
### (382 SE2d 172)

DEEN, Presiding Judge.

David E. Betts brings this appeal from an order of the trial court entered on December 5, 1988, which ordered him to pay restitution in the amount of $70,050 as a part of his sentences in his criminal con-

victions. He contends that the trial court erred in not vacating the sentences, barring further proceedings and in not allowing him to withdraw his guilty pleas as to certain specified counts in the indictments under which he was charged and to which he entered guilty pleas. *Held*:

As the trial court has made no rulings upon appellant's motions to vacate his sentences, to bar further proceedings, or, in the alternative, to allow him to withdraw his guilty pleas, there is nothing for this court to review upon appeal. No question is presented to this court unless the enumeration of errors and record clearly show that the question was presented to and passed on by the trial court. *Garland v. State*, 101 Ga. App. 395, 398 (114 SE2d 176) (1960). "Where there is no final ruling upon an issue by the trial court, there is nothing for the appellate court to pass upon [cit.], for this court is a court for the correction of errors made in the trial court." *Blakely & Son v. Humphreys*, 148 Ga. App. 281, 283 (250 SE2d 826) (1978).

An examination of the transcript from the restitution hearing reveals that the trial court stated that it would not rule upon Betts' motions at that time and informed him that a hearing on the motions would be set up for a later time. Accordingly, these issues are not before this court, and his appeal must be dismissed.

*Appeal dismissed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 3, 1989.

David Betts, *pro se.*
Lewis R. Slaton, *District Attorney, Richard E. Hicks, Joseph J. Drolet, Assistant District Attorneys,* for appellee.

