OPINION of the. court, by
Ch, J. Boyle.
This Was a bill with injunction to stay proceedings upon ⅛ judgment at jaw- obtained without defence upon a note J ° r alleged m the bill to be given tor money won at gaming. Upon a general demurrer to the bill the court below de-creecj tjje injunction to be made perpetual, from which decree this appeal is prosecuted.
The question is, whether a court of equity is competent to r<dieve against the judgment in this case ?
By the act of 1798, all promises, agreements, notes, bills, bonds, judgments, mortgages, or other securities or conveyances whatsoever, where the whole or any part of the consideration is money or other valuable thing won at gaming, is declared to be utterly void, 'j’jjjg provision is taken from an act of the Virginia as-r r . . , . . ° . sembly of 1779, and is similar to the provision contam-ed in the English statute upon the same subject. The ¿|ecjs¡ons therefore, of the courts of England and Virginia will be entitled to influence in this case. >
Contracts for a gaming consideration were not deem-g(j voj(j at common ¡aw nor are we aware of any case . 7 . . r . . J . prior to the statutory provisions for. restraining the practice of gaming, in which a court of equity has relieved against a contract or security for money won at play, divested of all other circumstances. But courts of equity had manifested a strong inclination against such contracts or securities by seeing upon slight circumstances to invalidate them » and since they have been declared void by statute, though a good defence is thereby afforded at law, courts of chancery have interposed and relieved against them, merely on the ground of the illegality of their consideration. The case of Kowdeii vs. Shadwell, Ambler 269, is a strong example of this kind. There the chancellor not only ordered the bond which had been given some time after the money had been won to be delivered up, but decreed the money *249 which had been paid in part discharge of it to be refunded. The general principle,, and a reference to other cases in ..illustration of it will bé found in Newland on Contracts 492. The same doctrine was recognised by the court of appeals of Virginia in the case of Woodson and Royster vs. Barrett and company, 2 Hen. and Mun. 80, and was adopted and sanctioned by this court in the case cf Davidson, &c. vs. Givins, 2 vol. 200.
But it is contended in this case that the party might have defended himself at law, and not having done so he is precluded from resorting to a court of equity for relief.
Where matter of defence is purely legal, and exclusively cognizable in a court of law, it is clear if a party fails or neglects to avail himself of it at law, he cannot be permitted to resort to a court of equity. But if the defence be (as it is apparent it is in this instance) of such á nature that the party may avail himself of it either at law or in chancery, although he should fail to take ád-Vantage of it at law, he may nevertheless, according to the repeated decisions of this court, resort to á court of equity for relief, in the same manner and for the same reason that a party having a claim of which a court of láw and a court of equity have concurrent jurisdiction, may elect to which tribunal he will apply to enforce his ''claim.
We are therefore of opinion that the decree of the inferior court is correct and must be affirmed with costs.'