OWENS *et al. v.* VAN WINKLE GIN & MACHINERY Co.

A judgment regularly rendered, even by default, is binding upon parties and privies; and that the cause of action was the failure to pay a promissory note founded upon a gaming consideration, is no such exception to the general rule as will authorize a court of equity, after judgment, to interfere by injunction with its enforcement.
July 15, 1895.

Petition for injunction. Before Judge LUMPKIN. Fulton county. September 3, 1894.

Defendant in error sued Mountain in the city court of Atlanta, upon a note of Mountain payable to the order of Rexinger. Upon this suit garnishment proceedings issued, and were dissolved by Mountain giving bond with Owens as surety. On July 4, 1893, judgment was rendered by default against Mountain as principal and Owens as surety. Seven months afterward, they brought a petition for injunction to restrain the enforcement of the judgment, alleging that it was void because the note sued on was given to cover a loss sustained by Mountain in gambling with Rexinger. The injunction was denied.

MAYSON & HILL, for plaintiffs.
ELLIS & GRAY, for defendant.

Atkinson, Justice.

In this State, judgments conclude the parties not only upon the matters of fact which were expressly involved in the litigation, but also upon all that might have been called in question under the pleadings in the case. If to an ordinary common law action the party defendant has a good defense, of the benefit of which he was not deprived by the fraud of the adverse party, unmixed with negligence upon his part, and he fail to make that defense, the judgment concludes him as though it had been expressly put in issue and expressly adjudged against him. This is the general rule prevailing elsewhere as well as here; but to this, in some of the States, exceptions have been allowed, and one of these exceptions is in favor of a defense that the debt was based upon a gaming consideration. Mr. High, in his work upon Injunctions, §235, uses this language: "Where the consideration for the contract on which the action at law is founded was money lost at gaming, and judgment is obtained against defendant, courts of equity are inclined to be somewhat more liberal in the exercise of their restraining jurisdiction than in ordinary cases; and upon considerations of public policy and the necessity of the prevention of gaming, they will generally restrain proceedings under the judgment." He cites as authority for the text, the cases of White *v.* Washington, 5 Grat. 645; Woodson *v.* Barrett, 2 Hen. & M. 80; Skipwith *v.* Strother, 3 Rand. 214. It will be seen, from an examination of the decisions referred to in support of the text, that the cases cited by the author were from Virginia, and are predicated upon a statute of that State, which expressly declares judgments rendered upon a gaming consideration void. A similar statute was of force in Kentucky, and while it was of force the courts of that State likewise held, that the judgment being void by the statute, a court of equity will enjoin proceedings

under such judgment. See Clay *v.* Fry, 3 Bibb, 248. In this State we have no statute which renders void judgments founded on debts based upon a gaming consideration; and if that defense be relied upon to defeat an action, it must be pleaded as any other at common law; and if the defendant suffer judgment to go against him, the debt of the plaintiff stands purged of its impurity, and the defendant is thereafter concluded. So far as the moral aspect of the two defenses is concerned, usury and gaming consideration stand upon the same footing, and in this State they stand upon the same legal footing with respect to the conclusiveness of judgment based thereon. In neither case is the judgment rendered void, and after judgment the defendant is concluded, either as to usury or gaming consideration. See *Owen* v. *Gibson*, 74 *Ga.* 465.                    *Judgment affirmed.*