## BURKS *v.* YORKSHIRE GUARANTEE & SECURITIES CORPORATION.

LEWIS, J.   1. Under the facts disclosed by the record, the court did right in overruling the motion of claimant's counsel for a continuance.

2. The owner of land, as security for a note given by him for the loan of money, executed and delivered to the lender an instrument in the form of a deed to the land, which recited in effect that upon the payment of the debt thereby secured the deed should be canceled and surrendered, and from the terms of which it did not appear that any bond for reconveyance was given by the lender to the borrower. Subsequently, the borrower conveyed the land to another party, in the conveyance reciting that the same was subject to the claim or incumbrance created by the foregoing instrument. The purchaser thereupon entered into possession of the land, enjoyed the rents and profits therefrom, and assumed the debt of his grantor. Afterwards an equitable petition was filed by the lender against both the original debtor and his grantee, setting up facts which petitioner claimed showed that the instrument mentioned was a mortgage, and asking for a judgment of foreclosure thereof against the defendants. Such judgment was regularly obtained, and after its rendition the purchaser from the original debtor conveyed the land, ostensibly for a valuable consideration, to his wife. *Held:* (1) That the wife acquired no title by virtue of the conveyance to her, as against the lien of the judgment of foreclosure. (2) That the judgment of foreclosure, being conclusive upon the husband, estops the wife as his grantee from asserting, in defense of her claim to the land, that the instrument foreclosed is a deed and not a mortgage, and that the same is void for usury. *Swift* v. *Dederick,* 106 *Ga.* 35; *Elwell* v. *Security Co.,* 101 *Ga.* 496, 498; *Ezzard* v. *Estes,* 95 *Ga.* 712, and cit.

*Judgment affirmed.   All the Justices concurring.*

Argued May 11, — Decided June 10, 1899.

Levy and claim.   Before Judge Littlejohn.   Stewart superior court.   October term, 1898.

*B. F. Harrell & Son,* for plaintiff in error.
*E. A. Hawkins,* contra.