## MILLER *et al. v.* PARKER *et al.*

1. Where a debtor borrows money, and secures the loan by a deed to land, if the debt is sued upon to judgment, and the debtor fails to plead usury in the debt, or pleads it and has an adverse verdict, and a special judgment is rendered against the land, the debtor and his creditors, in the absence of fraud, want of jurisdiction in the court, or other equity, are estopped from subsequently attacking the deed for usury. *Ryan* v. *Am. etc. Mtg. Co.,* 96 *Ga.* 322 (23 S. E. 411), distinguished.

2. A judgment will not be declared to be unsupported by pleadings which are not included in the record.

3. There was no error in refusing a pendente lite injunction.

Submitted May 7,—Decided August 12, 1909.

Petition for injunction. Before Judge Mitchell. Tift superior court. February 25, 1909.

*J. B. Murrow* and *J. J. Murray,* for plaintiffs.

*Fulwood & Murray,* for defendants.

EVANS, P. J. John A. Cox executed his note to T. J. Parker on February 6, 1907, for $448, due November 15th thereafter, and, to secure this note, executed contemporaneously therewith his deed to a certain tract of land, with power of sale. Cox

failed to pay the note at maturity, and Parker was proceeding to sell the land under the power of sale, when Cox filed his peti- tion to enjoin Parker from further proceeding to sell, on the ground that Parker had entered into a parol agreement with him, contemporaneously with the execution of the note, that he would extend the time of payment on payment of interest, if the note was not paid at maturity, and that he had paid $48 pursuant to this agreement, and because the security deed was infected with usury. A rule nisi was granted on this petition, and at an inter- locutory hearing at chambers the court dissolved the restraining order. This case came on regularly for a hearing at the Decem- ber term, 1908, of Tift superior court, when the defendant amended his answer, praying for a judgment against Cox for $400, and that the same be a special lien upon the land embraced in the deed to secure this debt. The jury returned a verdict finding against the plaintiff's prayer for injunction, and in favor of the defendant for the sum of $400, with interest at eight per cent. from February 26, 1907, upon which a decree and judgment was entered, and execution issued thereon. While this suit against Parker was pending Parker advertised the property described in the security deed for sale. Thereupon plaintiffs filed their petition, alleging, that Cox had been adjudicated a bankrupt, and the land described in the security deed had been set aside to him as an exemption under the bankrupt law; that they were the holders of homestead waiver notes against Cox; that Cox's note to Parker contained usury, and the waiver of homestead therein was void, as well as the deed given to secure the same. They prayed to enjoin the sale of the land; for a decree declaring that Parker's deed was void, and for a judgment in rem against the property de- scribed in this deed, superior to any claim held by Parker against Cox. A temporary restraining order was granted, and an inter- locutory hearing thereon set at a date subsequent to that upon which the property was advertised for sale. No hearing was had on the date set, or at any subsequent time. An execution issued upon the judgment in Parker's favor in the case of Cox against Parker, and was levied upon the land described in the security deed. Plaintiffs in error thereupon filed a supplemental petition, alleging, that the amount of interest recovered in the judgment was in excess of that authorized by the face of the note; that a

stated portion of the note was for usury; that the deed given to secure the note was void because the note contained usury; that this furnished Cox a valid defense against Parker's demand, which he refuses to assert; and that after the court, on the interlocutory hearing upon the petition of Cox against Parker at chambers, had ruled that there was no equity in the bill, the defendant could not then amend his answer, during a subsequent term of the court, so as to authorize a judgment in Parker's favor, as the pleadings were too defective to support such a judgment. They prayed for an injunction against the sale under the levy, and that this petition be made supplemental to their original petition. The court refused to grant a pendente lite injunction, and the exception is to this judgment.

1. Plaintiffs are creditors of John A. Cox, without a lien; and even if entitled to a judgment in rem against the property of their debtor, set aside to him as an exemption in the bankrupt court, they must first get rid of the deed given by their debtor to Parker, and the judgment rendered in favor of Parker against Cox. They undertook to accomplish this result by showing that the deed from Cox to Parker was to secure a note infected with usury. If the judgment in favor of Parker in the case of Cox against Parker is valid, then the plaintiffs are estopped from setting up usury. The defense of usury is a personal one, and can only be asserted by the defendant, or one in privity with him. *Scott* v. *Williams,* 100 *Ga.* 540 (28 S. E. 243). Where a debtor borrows money, and secures the loan by a deed to land, if the debt is reduced judgment, and the debtor fails to plead usury, or pleads it and has an adverse verdict, and a special judgment is rendered against the land, the debtor and his creditors, in the absence of fraud, want of jurisdiction in the court, or other equities, are estopped from subsequently attacking the deed for usury. *Bush* v. *Bank of Thomasville,* 111 *Ga.* 664 (36 S. E. 900); *Swift* v. *Dederick,* 106 *Ga.* 35 (31 S. E. 788). This principle does not conflict with the ruling that where a creditor obtains a junior conveyance prior to the judgment from the common debtor, he can attack the prior security deed of his debtor for usury after it is reduced to judgment. *Ryan* v. *Am. etc. Mtg. Co.,* 96 *Ga.* 322 (23 S. E. 411). The present plaintiffs are simple note creditors,

have no conveyance from their debtor, and are as effectually concluded by the judgment against their debtor as he is concluded.

2, 3. The plaintiffs in error also contend that the judgment in favor of Parker, upon which the execution issued which is sought to be enjoined, is void because the pleadings are insufficient to support it. The statement in the order denying an injunction to Cox, that the petition was without equity, and that the other relief prayed for was refused, did not operate to dismiss the petition. This order was granted at chambers at a time and place when the court had no jurisdiction to dismiss the petition. The petition of Cox in that case appears in the record. He sought to enjoin Parker from proceeding with the sale under the power on the ground of usury in the note secured by the deed. The bill of exceptions contains a recital that the answer of Parker could not be found, but it contains an amendment thereto duly allowed by the court, wherein Parker prayed for a judgment on his debt, and that such judgment be declared to be a special lien upon the land. The verdict and decree were in accordance with this prayer, and in the absence of the missing pleading we can not assume that it was totally insufficient to authorize the judgment. The burden is upon him who alleges error to show error, and it was incumbent upon plaintiffs to produce the mislaid pleading or to establish a copy of the same. There was no error in refusing the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*