## SANDERS *v.* ANDREWS.

GILBERT, J. 1. From the record before us it cannot be said that the note, which was reduced to judgment, contained a promise to pay usury; nor does it appear that in a suit on the note usury was pleaded.

2. The court did not err in finding against the claimant and ordering the fi. fa. to proceed. Compare *McLaws* v. *Moore,* 83 *Ga.* 177 (2), 180 (9 S. E. 615), and authorities cited; *Miller* v. *Parker,* 133 *Ga.* 187 (65 S. E. 410).           *Judgment affirmed. All the Justices concur.*

No. 3964. MARCH 13, 1924.

Claim. Before Jeff A. Pope, judge pro hac vice. Grady superior court. March 7, 1923.

A fi. fa. issued from the city court of Cairo, in favor of C. E. VanLandingham against Jerry Sanders, and transferred to P. C. Andrews, was levied upon described realty. Claim was filed by Annie Sanders. Upon the trial the matter was submitted to the court without the intervention of a jury, and the following facts were agreed upon: "That Jerry Sanders had, Nov. 15, 1912, executed to VanLandingham a note for $493.79, secured by deed covering the land involved; that VanLandingham brought suit upon the note for the full amount of principal, interest, and attorney's fees; that Sanders filed an answer setting up that at the time of signing the note he was very old, afflicted, of unsound mind, and incompetent to make any such contract; that he had no recollection of signing the note, and did not owe any part of it; that he could not

sign his name, and did not recollect consenting or directing that any one else should do so for him; that the same was a naked promise, and he had never received from the payee or any one acting for him anything for said note; that judgment for $200 was rendered, without showing whether the same was for principal or principal and interest; that execution issued thereon was transferred to Andrews; that on August 4, 1915, VanLandingham conveyed the land to Sanders for purposes of levy and sale; that levy was made on August 5, 1915; that on June 11, 1915, Sanders had the property in question set aside to himself as a homestead, and, having subsequently died, the same was, in October, 1918, set aside to his widow, Annie Sanders, as year's support." The claimant introduced in evidence the note above described, and the testimony of VanLandingham to the effect that "the note was given for $457.22, and that he had added to this sum $36.57 interest and made the note for $493.79." The court held the property subject, and ordered that the fi. fa. proceed for the sum of $200 and costs. The claimant excepted to this judgment as contrary to law.

*S. P. Cain,* for plaintiff in error.

*L. W. Rigsby, J. S. Weathers,* and *P. C. Andrews,* contra.