## WEST v. CENTRAL UNION TRUST CO. et al.

(Circuit Court of Appeals, Fifth Circuit. October 21, 1924. On Petition for Rehearing, November 21, 1924.)

No. 4430.

I. **Bankruptcy** ⬅185—**Trustee in bankruptcy of mortgagor held not entitled to question decree of foreclosure entered nearly two years prior.**

Where mortgagor in foreclosure proceeding filed answer, admitting equitable execution and delivery of mortgage and all allegations of petition, trustee in bankruptcy of mortgagor may not, more than one year and a half after entry of decree of foreclosure, question due ex-

ecution of mortgage, and assert superior lien in himself as judgment creditor by virtue of his appointment.

On Petition for Rehearing.

**2. Courts ☞259—State Legislatures may not prescribe procedure in or effect of decrees of federal courts.**

State Legislatures have no authority to regulate procedure in United States courts or prescribe effect of their decrees.

**3. Courts ☞335(4)—Effect of mortgage foreclosure decree held determinable in federal court according to equity rules rather than state statute.**

Effect of foreclosure decree in equity *held* determinable in federal court according to rules of equity procedure rather than according to state statutes affecting statutory judgments for foreclosure.

**4. Acknowledgment ☞20(3)—Stockholder of corporation not disqualified to act as attesting notary of mortgage.**

That notary, who acted as official witness to execution of mortgage by corporation, was a stockholder of such corporation, *held* insufficient to disqualify him from so acting under laws of Georgia.

**5. Acknowledgment ☞20(3)—Stockholder of mortgagee corporation is disqualified from acting as attesting witness.**

Stockholder of corporate mortgagee is disqualified under laws of Georgia from acting as attesting witness, notarial or otherwise.

**6. Witnesses ☞109—At common law, interested witness might testify against his interest.**

At common law, interested witness might testify against his interest.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Suit by H. S. West, trustee in bankruptcy of the Appalachian Corporation, against the Central Union Trust Company and others. Decree for defendants (300 F. 397), and plaintiff appeals. Affirmed.

Horace M. Holden and Stephen C. Upson, both of Athens, Ga., and Daniel W. Rountree and Clifford L. Anderson, both of Atlanta, Ga., for appellant.

Edgar Watkins and MacAsbill, both of Atlanta, Ga., Arthur H. Van Brunt, of New York City, Robert C. Alston and Sanders McDaniel, both of Atlanta, Ga., and R. C. Milling, of New Orleans, La., for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. This is an attack made by the trustee in bankruptcy of the Appalachian Corporation, a bankrupt, against the Central Union Trust Company of New York, successor to the Central Trust Company of New York, as trustee of a deed of trust made by said Appalachian Corporation to said Central Trust Company of New York on January 1, 1917. The attack on the mortgage is upon the manner of its execution. On July 1, 1922, the Central Union Trust Company, formerly said Central Trust Company, filed a bill against said Appalachian Corporation in the United States District Court for the Northern District of Georgia for the foreclosure of said mortgage and for receivership. Said bill prayed, among other things, that said mortgage may be decreed to be a valid lien upon the estate, rights, property, privileges, and franchises described therein or covered thereby.

On the same day, to wit, July 1, 1922, Appalachian Corporation filed its answer, in which it admitted the due execution and the delivery of the mortgage referred to in the original petition in said case and all the allegations of said petition. On August 4, 1922, a decree of foreclosure was rendered by said court, in which it was recited that the Appalachian Corporation filed its answer, in which it admitted the due execution and delivery of the mortgage referred to, and that the Appalachian Corporation offered no objection to the entry of a final decree of foreclosure. The indebtedness under said mortgage was decreed, and the said Union Central Trust Company of New York as trustee was decreed to be entitled to foreclose its mortgage and to sell said mortgaged property for its debt, unless the defendant should pay the amount of the entire bonded indebtedness on or before August 21, 1922.

On the 25th day of April, 1924, the Appalachian Corporation was duly adjudged a bankrupt in the United States District Court for the Northern District of Georgia, Eastern Division, and on the 6th day of May, 1924, H. S. West was selected by the creditors and duly appointed trustee of said bankrupt. He now files his petition, attacking said mortgage as inferior to the lien which he holds as a judgment creditor of defendant by virtue of said appointment, upon the ground that said mortgage was not properly executed.

[1] The issues necessarily adjudged in said foreclosure proceedings and admitted by the pleadings therein as to the due execution and delivery of said mortgage bound the defendant and all persons, subsequent purchasers or judgment creditors, claiming under him. It is therefore not open to the trustee to now raise any question to such conclusion and judgment of the decree of foreclosure rendered nearly two years pri-

or to the institution of said bankruptcy. As was said by the Supreme Court of Georgia, speaking of the right of a subsequent purchaser to attack a decree of foreclosure rendered by the United States Circuit Court:

"He [the mortgagor] was before the court, with full opportunity to question the jurisdiction, or make any other defense that he thought proper to present. The decree went against him, and by him all who hold, or may hold, under him thereafter were represented. In him they fell. He, their head, was condemned, and they, in him, were condemned also. He was the Adam of their race. They are lost." Gunn v. Wades, 62 Ga. 21, 22.

To the same effect, Burks v. Yorkshire Guarantee & Securities Corp., 108 Ga. 783, 33 S. E. 711. The same rule also prevails in the courts of the United States. Eyster v. Gaff et al., 91 U. S. 521, 23 L. Ed. 403; Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 386, 14 S. Ct. 127, 37 L. Ed. 1113.

For this, if for no other reasons, we think that the decision of the court below was correct, in repelling the attack of the trustee on this mortgage, and the judgment is affirmed.

### On Petition for Rehearing.

PER CURIAM. [2] The question for decision in this case was as to the legal effect of a decree in equity of the United States District Court. It was not upon the effect under the Georgia statutes of a statutory judgment for the foreclosure of a mortgage. The state Legislatures certainly have no authority to prescribe the modes of procedure in the courts of the United States or the effect of their decrees. Clark v. Smith, 13 Pet. 195, 10 L. Ed. 123; Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358; Whitehead v. Shattuck, 138 U. S. 146, 11 S. Ct. 276, 34 L. Ed. 873; Cates v. Allen, 149 U. S. 451, 13 S. Ct. 883, 977, 37 L. Ed. 804.

[3] It is therefore a question of equity practice, governed by the rules of procedure of the United States District Court, is governed by decisions affecting the general equity practice, and is binding and conclusive upon the parties and privies to the same extent and in respect to the same points and questions as the judgment in any other form of action. 27 Cyc. 1669, 1792.

[4] But we agree with the court below that the mortgage was properly attested for record. The court found as a fact that it had been re-executed before record; Magid, Watson, Turnipseed, and Attride being all present at the same time and place, and there either signed or admitted the signatures made by them. That Attride, the notary who acted as official witness, was a stockholder of the mortgagor corporation, was ruled to be insufficient to exclude him from acting as such. We agree with such ruling. Such official act is, in Georgia, nonjudicial. Wardlaw v. Mayer, 77 Ga. 620, 624. As to the general law on this subject, see 1 Cyc. 557.

[5] The stockholder is disqualified from acting as an attesting witness, notarial or otherwise, who is a stockholder of the corporation receiving the mortgage, for the reason that he increases his own estate by taking such mortgage, and it is considered contrary to public policy for him to act in his own interest. Southern Iron & Equipment Co. v. Voyles, 138 Ga. 258, 75 S. E. 248, 41 L. R. A. (N. S.) 375, Ann. Cas. 1913D, 369.

[6] At common law, an interested witness was not excluded from testifying against his interest. Brown v. Burke, 22 Ga. 574, 578; 40 Cyc. 2253. The rule seems to be well settled that an officer who is a stockholder is not disqualified in acting as an official witness to a deed given by his corporation. It is an action against his interest. Greve v. Echo Oil Co., 8 Cal. App. 275, 96 P. 904, 907–908.

In this case the property, since August, 1922, had been in gremio legis. It was in possession of the court when the bankruptcy proceeding was filed. The decree of foreclosure had been entered for more than a year. At the time of such filing of the bankruptcy proceeding there was no judgment lien against the property. All of the other creditors were unsecured, junior, and represented by the mortgagor. It is not thought that in such a case it was ever the purpose of the Bankruptcy Act to recognize the trustee as having a superior lien to the mortgage.

The petition for rehearing is denied.