60509. CLARK v. KAISER AGRICULTURAL CHEMICALS.

Argued September 9, 1980 — Decided October 23, 1980.

*Richard D. Phillips,* for appellant.

*James M. Thomas, Howard C. Kaufold, Jr., Paul W. Calhoun, Jr.,* for appellee.

DEEN, Chief Judge.

1. The defense of usury is personal to the debtor. Code § 57-103. It may not be urged save by the borrower or his privies. *Scott v. Williams,* 100 Ga. 540 (28 SE 243) (1897); *Swift v. Wellington Plaza, Inc.,* 213 Ga. 377, 380 (99 SE2d 68) (1957). "A debtor who has had his day in court will not be heard, after judgment, to attack the levy of the execution on the ground that his debt was infected with ušury." *Wilkinson v. Holton,* 119 Ga. 557 (2) (46 SE 620) (1903). One who has an opportunity to set up the defense of usury and fails to do so is concluded by the judgment. *Swift v. Dederick,* 106 Ga. 35, 37 (31 SE 788) (1898). Failure to plead usury results in an estoppel to rely upon it as a defense. *Miller v. Parker,* 133 Ga. 187, 189 (65 SE 410) (1909), and see to the same effect *Owens. v. Van Winkle Gin & Mach. Co.,* 96 Ga. 408 (23 SE 416) (1895); *Burks v. Yorkshire Guarantee & Securities Corp.,* 108 Ga. 783 (2) (33 SE 711) (1899); *Bush v. Bank of Thomasville,* 111 Ga. 664 (3) (36 SE 900) (1900); Murdock Acceptance Corp. v. Wagnon, 587 F2d 764.

2. A judgment void on its face may be attacked at any time by any person under Code § 81A-160 (a), but to attack by a motion to set aside, Code § 81A-160 (d), for a nonamendable defect on the face of the *record or pleadings* (other than lack of jurisdiction of the person or subject matter), "it is not sufficient that the complaint or other pleading fail to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed." In the present case not only does the $10,000 portion of the suit on account appear in the record as a viable claim but the appellant admits that she owes this amount and is attacking only the usury portion of the general judgment under Code § 57-112. A defendant may not bring a motion to set aside a judgment where the defense, which was not urged while the case was pending, was known at that time or could have been discovered through reasonable diligence. *Camp v. Fidelity Bankers Life Ins. Co.,* 129 Ga. App. 590 (1) (200 SE2d 332) (1973).

3. In view of our holding that the motion to set aside was properly denied it follows that the count seeking additional damages for malicious abuse of process or defamation is without merit.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*