In re Elaine Margaret PAIR, Michael Lamar Pair, Debtors.

J. Sam PLOWDEN, Chapter XIII Trustee, Plaintiff,

v.

PEOPLES FINANCIAL CORPORATION OF CANTON, Defendant.

Bankruptcy Nos. B78–959A, B78–960A.

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

Oct. 15, 1981.

Harry W. Pettigrew, Sp. Counsel to Chapter 13 Trustee, Atlanta, Ga., for plaintiff.

Richard R. Cheatham, Hilary P. Jordan, Atlanta, Ga., for defendant.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

This is before us on cross-motions for summary judgment on trustee's complaint to disallow claim. It is the trustee's contention that the claim should be disallowed as being in violation of Ga.Code Ann. ch. 57–2, generally known as the Secondary Security Deed Act ("SSDA"). Specifically, it is contended that the acceleration clauses contained in the Real Estate Installment Note and the Deed to Secure Debt are invalid in that they allegedly provide for payment of unearned interest in case of default. However, it will not be necessary to address the merits of the case as this Court finds that the trustee lacks standing to object to this claim.

The facts are not in dispute. On February 3, 1976, debtor Michael L. Pair and Robert C. Pair executed a Real Estate Installment Note in favor of Peoples Financial Corporation of Canton, the defendant in this case. The Note evidenced an advance to Michael L. Pair and Robert C. Pair as well as a refinancing of several other debts of the Pairs to other financial institutions. No previous debt to defendant was refinanced.

Robert C. Pair gave defendant a deed to secure debt on property owned solely by Robert C. Pair to secure the note. On April 17, 1978, Elaine M. Pair and Michael L. Pair filed petitions in this Court for relief under Chapter XIII of the Act.

On May 7, 1979, defendant filed a proof of claim for the outstanding balance of the note.

On July 2, 1979, the Trustee commenced the present action to disallow defendant's claim.

### DISCUSSION

The trustee contends that the acceleration clauses in the Note and Deed are invalid, providing for the collection of unearned interest in the event of acceleration after default. Were the clauses indeed invalid, it would render the note and/or the deed transactions usurious, and the defendant would incur the forfeitures contemplated under Ga.Code Ann. § 57–203.

The acceleration clause in the note, signed by the debtor Michael L. Pair and Robert C. Pair, is valid under Georgia law. See *Price v. Guardian Mortgage Corp.*, 137 Ga.App. 519, 224 S.E.2d 451 (1976). Therefore the note does not offend the SSDA. It is unnecessary for this Court to decide whether or not the acceleration clause in the deed is valid because we feel the Trustee lacks standing to assert any action in regard to the deed.

The deed is signed only by Robert C. Pair and he is the sole owner of the land covered by that deed. The defense of usury is personal to the borrower and his privies. Ga.Code Ann. § 57–103, *Swift et al. v. Wellington,* 213 Ga. 377, 380, 99 S.E.2d 68 (1957); *Clark v. Kaiser,* 156 Ga.App. 251, 252, 274 S.E.2d 648 (1980); *Hill et al. v. General Finance et al.,* 144 Ga.App. 434, 436, 241 S.E.2d 282 (1977). Trustee therefore has no basis to object on behalf of Robert C. Pair. The Trustee suggests that because the deed to secure debt incorporates the terms of the note into it that the two are therefore integrated and the invalid acceleration clause in the deed to secure debt therefore renders the entire integrated transaction null and void. However the Trustee could only bring this action on behalf of Michael L. Pair, who did not sign the deed. The fact that the deed incorporates the terms of the note does not operate to enlarge Michael L. Pair's obligations under the note, and accordingly does not give the Trustee any stronger basis to bring this complaint. It is for this reason that this case is distinguishable from *In the Matter of Sprouse,* 577 F.2d 989 (1978), cited by Trustee in support of his argument. In *Sprouse,* the debtors entered into a loan contract with General Finance Corp. The contract consisted of a promissory note and a security agreement. As in our case, the acceleration clause in the promissory note was valid under Georgia law, while the clause in the security agreement was not. The court in *Sprouse* found the presence of the invalid acceleration clause in the security agreement to void the entire contract, notwithstanding the presence of a valid clause in the promissory note. The case under consideration is distinguishable because Michael L. Pair did not sign the deed. He is not obligated under the deed, and the Trustee has no standing to use Robert C. Pair's possible cause of action for usury as he is not in privity with him.

For the foregoing reasons, it is

ORDERED that defendant People's Financial Corp. of Canton's Motion for Summary Judgment be granted, and Trustee's Motion for Summary Judgment be denied.