A95A0626. IDEAL LOAN & FINANCE CORPORATION
v. LITTLE.
(457 SE2d 274)

ANDREWS, Judge.

Ideal Loan & Finance Corporation (Ideal Loan) brought suit against Little seeking to collect the principal amount due on a loan evidenced by a note between the parties, plus attorney fees, court costs and interest. Little failed to respond to the suit, and Ideal Loan sought a default judgment. The trial court entered an order granting the default judgment in the principal amount of $169.16, plus attorney fees of $25.37 and court costs of $46.50. In the default judgment, the trial court further concluded that, based on a consideration of Ideal Loan's request for a default judgment and the pleadings before the court, the note was usurious, and that Ideal Loan forfeited its right to the award of interest. We granted Ideal Loan's application for a discretionary appeal from the default judgment. OCGA § 5-6-35 (a) (6).

1. Ideal Loan claims the trial court erred by requiring that it introduce proof of damages because, on its face, the action was a suit on a contract for liquidated damages. OCGA § 9-11-55 (a). The default judgment shows that the trial court did not require Ideal Loan to introduce evidence before the court to establish the amount of damages. This enumeration is without merit.

2. In enumerations of error two and three, Ideal Loan claims that the trial court erroneously calculated that the rate of interest charged on the note was usurious, and erroneously concluded in the default judgment that Ideal Loan forfeited any right to the award of interest because the note was usurious.

Although we need not address whether or not the trial court correctly calculated the rate of interest charged on the loan, we note that the "Annual Percentage Rate" referred to in the court's judgment is not simple interest by which usury is measured. *Norris v. Sigler Daisy Corp.*, 260 Ga. 271, 273 (392 SE2d 242) (1990).

In any event, in entering the default judgment, the trial court was not authorized to raise the defense of usury on behalf of Little. See OCGA §§ 9-11-54 (c); 9-11-55. "The defense of usury is personal to the debtor . . . [and] may not be urged save by the borrower or his privies." *Clark v. Kaiser Agricultural Chemicals*, 156 Ga. App. 251, 252 (274 SE2d 648) (1980).[1] The trial court erred to the extent it excluded the award of interest in the default judgment on the basis that the loan contract was usurious.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MAY 4, 1995.

*Levy & Adams, D. Merrill Adams,* for appellant.
Stanley T. Little, *pro se.*

---

[1] A motion to set aside a default judgment pursuant to OCGA § 9-11-60 (d) may be brought on the basis that the underlying loan contract was usurious. See *Consolidated Credit Corp. &c. v. Peppers*, 144 Ga. App. 401 (240 SE2d 922) (1977), overruled on other grounds, *Financeamerica Corp. v. Drake*, 154 Ga. App. 811, 813 (270 SE2d 449) (1980).